## THE DOURO.

The court reproves counsel who take appeals without any expectation of reversal, and declares that if it had power to impose a penalty in such cases, as it has when writs of error are sued out for delay merely, it would impose it.

APPEAL from a decree of the District Court of the United States for the Southern District of New York, condemning

the Douro and her cargo for a breach of the blockade of the port of Wilmington, North Carolina, established by our government during the late rebellion.

The vessel had been captured as prize of war by one of the government steamers, about two hundred miles off the port just named, and being brought into the port of New York was there libelled in prize.

C. Edwards, Esq., as attorney, filed a claim for certain British subjects, owners of the vessel and cargo. These admitted in substance that the vessel had come out of the port of Wilmington on the voyage in which she was captured, but alleged that there was no efficient blockade of that port, and seemed to rest their defence on the ground, that having eluded the vigilance of the blockading vessels on duty off that port, and reached the open sea, she was not subject to capture by any other vessel of the United States. The test-oaths were made by Mr. Edwards only.

The master of the captured vessel, on his examination preparatory to the original hearing, said: " I knew the port of Wilmington was blockaded when I went in, for I had six guns fired at me; and I knew it when I came out." And again : " The vessel was captured because she had been running the blockade." And again: " The capturing vessel fired a broadside, or half a broadside at us, amounting to some fifty-five guns. .This was done because we were trying to escape." The mate said the same thing.

The District Court condemned both vessel and cargo as lawful prize of war; from which decree the claimants, by counsel—whose name the reporter supposes that, after the opinion of the court has been read, he will be excused by the benevolent reader for not signalizing—appealed to this court.

*Mr. Coffey, special counsel for the captors,* remarking that it was difficult to see why the court was troubled with this appeal, declined to argue the case, as being too plain to occupy the time of the court with; and submitted it with the record and a short brief. No counsel for the claimant appeared before this tribunal.

The CHIEF JUSTICE delivered the opinion of the court.

The decree of the District Court in this cause is affirmed. It is impossible to imagine a plainer case for condemnation for breach of blockade. The statements of the captain as to breaking the blockade are explicit, and the mate says substantially the same thing as he does.

We cannot approve the conduct of the counsel who advised this appeal. An appeal is a matter of right, and, if prayed, must be allowed; but should never be prayed without some expectation of reversal. We impose penalties when writs of error merely for delay are sued out, in cases of judgments at law for damages; and if the rule were applicable to the case before us we should apply it.